**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Louis Daurio, | No. CV-18-03299-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Child Safety, et al., | |
| Defendants. | |

Pending before the Court is Defendants Reynolds, Passmore, and Cargill's ("Defendants") Motion for Reconsideration. (Doc. 122.) For the following reasons, the Motion is denied. Nevertheless, for the reasons stated more fully below, because Defendants Reynolds, Passmore and Cargill were sued in their official capacity and no longer work for the Department, they shall be replaced as Defendants upon Plaintiff's compliance with Fed. R. Civ. P. 25(d) as set forth below.

## BACKGROUND

The facts in this case are set forth in the Order denying Plaintiff's Motion for Partial Summary Judgment and granting in part Defendants' Cross Motion for Summary Judgment. (Doc. 120.) In that Order, the Court dismissed Plaintiff's procedural due process and damages claims and declined to dismiss Plaintiff's claim for injunctive relief for substantive due process violations. *Id.* at 14. Defendants now contend that because they are no longer employed by the Department of Child Safety ("DCS") the Court erred by

allowing Plaintiff's claims to proceed.

## DISCUSSION

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Defendants assert that the Court should reconsider its Order because they are no longer employed by DCS. As Defendants could have informed the Court in their original briefing that they were no longer employed by DCS, their motion is denied. Plaintiff's First Amended Complaint clearly seeks "non-Financial" damages, requesting that DCS: (1) alter and seal its records; (2) be precluded from using the allegation at issue against the Plaintiff in the future; and (3) be required to notify the police of Plaintiff's allegation. (Doc. 13 at 58–59.)

Nevertheless, as Reynolds, Passmore, and Cargill were sued in their official capacities only, they will be replaced as Defendants by their appropriate successors and, in effect, be dismissed from this lawsuit. *See,* Fed. R. Civ. P. 25(d). The Court will order the substitution of the parties as soon as they are identified by the Plaintiff. Because DCS is no

longer a party to this action, Plaintiff is directed to provide the names of the officers replacing the Defendants to the Court as soon as possible. Thereafter, the parties may brief whether Plaintiff's injunctive relief is properly sought against the Defendants' successors pursuant to Rule 25(d).

## CONCLUSION

For the reasons stated above, the Defendants' Motion for Reconsideration is denied.

**IT IS THEREFORE ORDERED** that Defendants Reynolds, Passmore, and Cargill's Motion for Reconsideration (Doc. 122) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must supply the names of the officials replacing the Defendants in the instant suit. The names shall be provided to the court within 14 days of the filing of this Order.

**IT IS FURTHER ORDERED** that after the Plaintiff supplies the names of the new, substituted Defendants they shall have the opportunity to brief whether the Plaintiff can properly seek an injunction against them under the circumstances. The new Defendants shall have 14 days from their substitution to file their briefing. The Plaintiff shall have 7 days to respond. Each party's briefing must be limited to 5 pages.

Dated this 8th day of February, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge