WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Louis Daurio,<br><br>    Plaintiff,<br><br>v.<br><br>Mike Faust, Director of the Department of Child Safety,<br><br>    Defendant. | No. CV-18-03299-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Steven Louis Daurio's ("Plaintiff") Rule 59 Motion for New Trial (Doc. 150).[1] For the following reasons, Plaintiff's Motion is denied.

**BACKGROUND**

  The Court presumes the parties are familiar with the underlying facts in this case, and which are summarized in its prior orders. (Doc. 120); (Doc. 148.) Relevant to this Order, the Court denied Plaintiff's Motion for Partial Summary Judgment and granted in part Defendant's Cross Motion for Summary Judgment on November 25, 2020. (Doc. 120 at 14.) As part of its ruling, the Court determined that several former Arizona Department of Child Safety ("DCS") employees, who were defendants at the time, were shielded from suit by qualified immunity. (Doc. 120 at 6.) The Court ultimately remanded the case to the Superior Court of Arizona in and for the County of Maricopa for lack of subject-matter

---

[1] Despite the title of his Motion, Plaintiff seeks relief under Rule 59(e) only. The Court will therefore construe his Motion as a Motion to Amend or Alter a Judgment. *See* Fed. R. Civ. P. 59(e).

jurisdiction, pursuant to 28 U.S.C. § 1447(c).  (Doc. 148 at 5.)  Plaintiff then filed the instant motion, seeking reconsideration of the Court's earlier ruling on qualified immunity. (Doc. 150 at 2.)

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Because "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly,'" courts enjoy considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A Rule 59(e) motion is only appropriate where the district court is "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "to rethink what the court ha[s] already thought through – rightly or wrongly."  *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

"A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion.  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

/ /

## II. Analysis

### A. Rule 59(e) Motion

Plaintiff requests that the Court reconsider its ruling—made over a year ago—that several former Arizona Department of Child Safety ("DCS") employees were shielded from suit by qualified immunity. (Doc. 150 at 2.) He argues for the first time that the employees' actions amounted to judicial deception under *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). (Doc. 150 at 3.) But Plaintiff does not explain why he could not have raised this theory in the original summary judgment briefing, when *Spencer* had been good law for almost three years at that time. Because Plaintiff has not explained why he could not have raised this issue earlier, the Court will not consider it now. *See Kona Enters., Inc.*, 229 F.3d at 890.

### B. Remand Order Not Reviewable

Plaintiff's Motion also fails because it necessarily seeks to disturb the Court's Order remanding the case for further proceedings in the Superior Court of Arizona in and for the County of Maricopa. The Court remanded the case pursuant to 28 U.S.C. § 1447(c) because it found Plaintiff did not have Article III standing to seek injunctive relief in federal court. (Doc. 148 at 5.) 28 U.S.C. § 1447(d) provides that a remand order "is not reviewable on appeal or otherwise." This prohibition applies only to remand orders made pursuant to § 1447(c), *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995), and precludes district courts from reconsidering an order remanding a case for lack of subject-matter jurisdiction. *Seedman v. U.S. Dist. Ct. for the Central Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988).

Therefore, the Court cannot grant Plaintiff the relief he seeks.

//
//
//
//

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 59 Motion for New Trial (Doc. 150) is **DENIED.**

Dated this 4th day of February, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge